# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Emem Ufot Udoh,                                  Case No. 19-cv-1311 (MJD/HB)

               Petitioner,

v.                                               **REPORT AND RECOMMENDATION**

Nate Knutson, MCF-Moose Lake Prison,

               Respondent.

---

Petitioner Emem Ufot Udoh was convicted in state court on one count of criminal sexual conduct and sentenced to a 144-month term of imprisonment. *See State v. Udoh*, No. A14-2181, 2016 WL 687328 (Minn. Ct. App. Feb. 22, 2016). Udoh is potentially subject to removal from the United States as a result of the conviction. [*See* Doc. No. 1-2 at 9-11 (correspondence between Udoh and immigration court).] Udoh has filed a petition for a writ of habeas corpus challenging his state-court conviction, the legality of the manner in which the ongoing removal proceedings are being conducted, and the validity of any final order of removal resulting from those proceedings. This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court concludes that it lacks jurisdiction over much of the petition and that those aspects of the petition over which the

---

[1] Some, though not all, aspects of Udoh's petition are governed by 28 U.S.C. § 2254. Nevertheless, the Rules Governing Section 2254 Cases may be applied to the entirety of his habeas corpus petition. *See* Rule 1(b).

Court does have jurisdiction have not been adequately exhausted.  Accordingly, it is recommended that this matter be dismissed without prejudice.

As mentioned above, there are three distinct aspects to Udoh's habeas corpus petition.  First, Udoh raises a variety of claims directly challenging the validity of his state-court conviction for criminal sexual assault, including prosecutorial misconduct, ineffective assistance of counsel, and newly discovered evidence.  The Court lacks jurisdiction over these claims.  Udoh previously sought federal habeas corpus relief from his conviction, including on many of the claims now being raised in the pending petition. *See Udoh v. Dooley*, No. 16-cv-4174 (PAM/HB), 2017 WL 2881126 (D. Minn. July 6, 2017).  Udoh's current habeas petition attacking the same conviction is therefore a successive petition.  A petitioner may raise only *new* claims in a second or successive habeas petition, and, even when raising entirely new claims, the petitioner must first receive authorization from the appropriate court of appeals before proceeding.  *See* 28 U.S.C. § 2244(b).  Udoh has not received the necessary authorization from the Eighth Circuit Court of Appeals; the Court therefore lacks jurisdiction over any claims challenging the validity of his state-court conviction.

Second, Udoh contends that the ongoing removal proceedings have been carried out *in absentia*, in violation of his due-process rights.  By all indications, however, those removal proceedings are still ongoing, and Udoh will have every opportunity[2] to raise

---

[2]  The nub of the dispute appears to be that Udoh objects to the removal hearings being conducted telephonically.  [*See* Doc. No. 1-2 at 10-11.]  Even if Udoh is correct that this amounts to a violation of his constitutional rights, he nevertheless has the opportunity to raise that objection through the immigration proceedings themselves.

2

due-process challenges before both the immigration court and, if necessary, the Board of Immigration Appeals.  Although the general habeas corpus statute, 28 U.S.C. § 2241, does not include an express exhaustion requirement, because habeas corpus is an extraordinary remedy, petitioners are generally required to exhaust alternative remedies prior to seeking the writ.  *See, e.g.*, *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974); *Cheatam v. Bureau of Prisons*, No. 15-cv-1210 (PAM/FLN), 2015 WL 9312479, at *1 (D. Minn. Nov. 19, 2015).  None of the procedural claims put forward by Udoh regarding the immigration proceedings appear to have been fully litigated in those proceedings themselves (which, again, are by all indications ongoing).  Until such time that those claims have been fully litigated before the administrative courts, adjudication of those claims in federal court would be premature.

Finally, Udoh suggests that any order of removal predicated upon his conviction would be unlawful.  It does not appear that Udoh is yet subject to a final order of removal, and thus any finding on the putative legality of any such final order of removal would amount to nothing more than speculation.  More importantly, though, this Court lacks jurisdiction over challenges to removal decisions, which must instead be brought to the relevant court of appeals.  *See* 8 U.S.C. § 1252.

Accordingly, it is recommended that Udoh's petition for a writ of habeas corpus be dismissed without prejudice.  It is further recommended that no certificate of appealability be issued as to those aspects of the habeas petition for which a certificate of appealability is required (*i.e.*, the challenge to Udoh's state-court conviction).  *See*

28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); *Slack v. McDaniel*, 529 U.S. 473, 484

(2000).


Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY RECOMMENDED THAT**:

1.    The petition for a writ of habeas corpus of petitioner Emem Ufot Udoh

[Doc. No. 1] be **DISMISSED WITHOUT PREJUDICE**.

2.    No certificate of appealability be issued.

Dated:  May 31, 2019                                    s/ *Hildy Bowbeer*
                                                               Hildy Bowbeer
                                                               United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the
District Court and is therefore not appealable directly to the Eighth Circuit Court of
Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a
magistrate judge's proposed finding and recommendations within 14 days after being
served a copy" of the Report and Recommendation.  A party may respond to those
objections within 14 days after being served a copy of the objections.  *See* Local
Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits
set forth in Local Rule 72.2(c).