UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EMEM UFOT UDOH,

    Petitioner,

v.                               **MEMORANDUM OF LAW & ORDER**
                                   Civil File No. 19-1311 (MJD/HB)

NATE KNUTSON,

    Respondent.

Emem Ufot Udoh, <u>pro se</u>.

## I.    INTRODUCTION

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Hildy Bowbeer dated May 31, 2019. In response to the Report and Recommendation, Petitioner Emem Ufot Udoh has filed a Motion for Extension of Time [Docket No 6], a Motion for Injunctive Relief [Docket No. 13], a Motion to Amend [Docket No. 20], a Motion for Extension of Time [Docket No. 26] and an Application to Proceed in District Court without Prepaying Fees or Costs [Docket No. 27].

## II.    REPORT AND RECOMMENDATION [DOCKET NO. 5]

1

Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court adopts the Report and Recommendation of United States Magistrate Judge Bowbeer dated May 31, 2019.

### III. MOTION FOR EXTENSION OF TIME [DOCKET NO. 6]

Petitioner's Motion for Extension of Time [Docket No. 6] requests a 60-day extension until August 20, 2019, to respond to the Report and Recommendation on the grounds that Petitioner needs time to review the entire record filed in Docket Number 1 and to conduct legal research. He also argues that he will begin a state court trial on August 21, 2019 and will be occupied preparing for that trial.

The Court denies Petitioner's motion because he has failed to show good cause for a 60-day extension. Petitioner seeks time to review the record, yet he cites to the record that he, himself, submitted to the Court as exhibits to his own Petition and presumably reviewed before filing this case. Additionally, Petitioner's assertion that he is too busy preparing for his state court case and needs additional time for legal research is belied by the fact that, on the same day Petitioner filed the request for an extension, he also filed a 20-page Motion for Injunctive Relief that cites to a wide variety of caselaw. One week later,

2

Petitioner filed a Motion to Amend his Petition that was responsive to the Report and Recommendation. Additionally, granting a 60-day extension would prejudice Respondent by requiring Respondent to respond to Petitioner's later-filed injunctive motion in a lawsuit that should be dismissed. Petitioner cannot hold dismissal in abeyance by filing a motion for an extension and then proceed litigating and filing motions to which Respondent must respond. Finally, the Court has considered all of the many filings that Petitioner has made through August 21, 2019, so Petitioner has reaped the benefit that the grant of his request for an extension would have provided.

### IV. MOTION FOR INJUNCTIVE RELIEF [DOCKET NO. 13]

In Petitioner's Motion for Injunctive Relief, he seeks "an Order directing the Clerk of the Minnesota Appellate Court to allow the filing of Petitioner's Notice of Appeal to permit" his post-conviction appeal; staying state court proceedings and immigration court proceedings until this Court decides Petitioner's actual innocence claims in his current Petition; and ordering Petitioner's immediate release pending resolution by this Court of his Petition. Because this Court adopts the Report and Recommendation and dismisses Petitioner's Petition, Petitioner's motion for injunctive relief is denied as moot. Additionally, because the Court has dismissed Petitioner's claims, the requests to

3

stay state and immigration proceedings and release Petitioner pending this Court's decision on those claims are moot.

Petitioner's request that the Court order the Minnesota Court of Appeals to allow him to file a notice of appeal is also dismissed as moot because there is no open case upon which a motion for injunction can be based.  To the extent that the argument that the Minnesota Court of Appeals should be ordered to accept Petitioner's filings is related to Petitioner's later-filed request to amend, it has no legal basis.  According to the documentation submitted by Petitioner, the Minnesota Court of Appeals dismissed Petitioner's appeal as premature.  When Petitioner later attempted to file a motion in that dismissed case, the Court of Appeals returned the filing because it does not accept filings in closed cases.  The Court of Appeals informed Petitioner that, if he had an appealable order within the previous 60 days, he could file a new notice of appeal.  The Court of Appeals also explained that, if Petitioner wished to seek review of the Court of Appeals order, he needed to file a petition for review with the Minnesota Supreme Court. Petitioner's claim that the Minnesota Court of Appeals' refusal to accept his filing violates his due process rights fails because the evidence submitted by Petitioner shows that he had the option of filing a petition for review of the Minnesota

4

Court of Appeals decision with the Minnesota Supreme Court or filing a new notice of appeal with the Minnesota Court of Appeals. He fails to show that Minnesota's post-conviction proceedings fail to comport with due process. Nor has he shown that Respondent has denied him meaningful access to the courts to challenge the alleged violations of his constitutional rights. See <u>Hartsfield v. Nichols</u>, 511 F.3d 826, 831 (8th Cir. 2008) ("To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.") (citation omitted). Petitioner has not alleged any way in which his due process rights were violated.

## V. MOTION TO AMEND [DOCKET NO. 20]

On June 20, Petitioner filed a motion entitled "Motion to Amend the 28 U.S.C. § 2241 Actual Innocence Petition." [Docket No. 20] Despite the title, the body of the motion requests a 60-day extension of time for an unspecified filing. The accompanying memorandum discusses a motion to amend. [Docket Nos. 20, 22] Therefore, the Court interprets the motion as a motion to amend and not a second motion for an extension.

Petitioner argues that the Court erred in recharacterizing his Petition as a second § 2254 petition without giving Petitioner an opportunity to withdraw or amend the Petition. When the Court intends to reclassify a pro se petitioner's pleading as a first § 2255 or § 2254 motion, the Court must warn the petitioner of the restrictions on second or successive motions and provide him the opportunity to consent to the reclassification or withdraw his motion. Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002). "The limitation applies when a court recharacterizes a pro se litigant's motion as a **first** § 2255 [or § 2254] motion." Castro v. United States, 540 U.S. 375, 383 (2003) (emphasis added). The Court is not required to provide Petitioner the opportunity to consent to reclassification or withdraw his motion when the Court is addressing Petitioner's second § 2254 motion. See, e.g., Hines v. Devore, No. 4:09CV1236 HEA, 2009 WL 3514491, at *1 n.1 (E.D. Mo. Oct. 29, 2009). This is because providing such a warning and the opportunity to withdraw the motion would not assist Petitioner: he is already barred from successive § 2254 petitions without appellate court authorization as a result of his first § 2254 petition in Udoh v. Dooley, Civil File No. 16-4174 (PAM/HB). See Hines, 2009 WL 3514491, at *1 n.1. With regard to Petitioner's first § 2254 petition, Petitioner, himself, entitled it

6

"Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." Udoh v. Dooley, Civil File No. 16-4174 (PAM/HB) [Docket No. 1].

Petitioner also asks for leave to amend his current Petition but does not explain how he would like to amend the Petition, beyond stating that he does not want it characterized as a § 2254 petition. Leave to amend a complaint shall be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Petitioner provides no hint of how he seeks to amend his Petition to avoid characterization as a successive § 2254 petition. His original Petition and his motion for an injunction only address § 2254 claims, claims that are not yet exhausted, and a meritless claim regarding access to the Minnesota Court of Appeals. As explained in the Report and Recommendation, there is no portion of Petitioner's original Petition that survives dismissal at this time. Therefore, because, even when all of Petitioner's filings are construed liberally, Petitioner provides no basis for amending his Petition, the motion to amend is denied.

### VI. MOTION FOR EXTENSION OF TIME [DOCKET NO. 26] AND APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS [DOCKET NO. 27]

In Docket Number 26, Petitioner has filed a motion entitled "Motion Proceedings in Forma Pauperis (IFP)." The body of the motion requests a 60-day extension of time for an unspecified filing. Accompanying the motion is a

7

completed Application to Proceed in District Court without Prepaying Fees or Costs. [Docket No. 27] The Court interprets these filings as an IFP application and not a second motion for an extension of time. Because Petitioner's Petition is dismissed, his IFP application is denied as moot.

**VII.    MOTION FOR APPOINTMENT OF COUNSEL [DOCKET NO. 34]**

The Court denies Petitioner's request for appointment of counsel. Petitioner's Petition and his motion for an injunction only address § 2254 claims over which the Court lacks jurisdiction, claims that are not yet exhausted, and a meritless claim regarding access to the Minnesota Court of Appeals. There is no need for an evidentiary hearing, and the case is not legally complex. The interests of justice do not require appointment of counsel. See, e.g., Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Appointment of counsel would not assist Petitioner in prosecuting his claims, which are subject to dismissal; nor would appointment assist the Court.

**VIII.   MOTION FOR STAY AND ABEYANCE [DOCKET NO. 39]**

Petitioner requests that, instead of dismissing his Petition without prejudice, this Court stay his Petition while he pursues state post-conviction relief, exhausts administrative remedies in immigration court, and completes the legal proceedings regarding termination of parental rights. He asserts that a stay

8

is necessary because, if the Petition is dismissed, the claims raised in his Petition would be barred by the one-year statute of limitations. He further argues that a stay is necessary "[g]iven the length of Petitioner's filings and submissions in other courts, Petitioner's case load, and the deadlines [in other legal proceedings]". (Brief at 4.) Petitioner fails to identify a claim on which a one-year statute of limitations is currently running that would expire without a stay. The length of Petitioner's own filings, the number of legal proceedings in which he is involved, and the deadlines in those proceedings do not justify staying, rather than dismissing, claims over which this Court does not have jurisdiction or which are not yet ripe.

### IX. MOTION FOR A NEW EVIDENTIARY HEARING [DOCKET NO. 46]

The Court denies Petitioner's request for an evidentiary hearing because the record conclusively demonstrates that he is not entitled to relief. See White v. Dingle, 757 F.3d 750, 757 (8th Cir. 2014); Crawford v. Norris, 363 F. App'x 428, 430 (8th Cir. 2010); Kendrick v. Carlson, 995 F.2d 1440, 1446 (8th Cir. 1993).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Hildy Bowbeer dated May 31, 2019 [Docket No. 5].

2. Petitioner's Emem Ufot Udoh's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**.

3. Petitioner's Motion for Extension of Time [Docket No 6] is **DENIED**.

4. Petitioner's Motion for Injunctive Relief [Docket No. 13] is **DENIED**.

5. Petitioner's Motion to Amend the 28 U.S.C. § 2241 Actual Innocence Petition [Docket No. 20] is **DENIED**.

6. Petitioner's Motion for Extension of Time [Docket No. 26] is **DENIED**.

7. Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs [Docket No. 27] is **DENIED**.

8. Petitioner's Motion for Appointment of Counsel [Docket No. 34] is **DENIED**.

9. Petitioner's Motion for Stay and Abeyance [Docket No. 39] is **DENIED**.

10. Petitioner's Motion for a New Evidentiary Hearing [Docket No. 46] is **DENIED**.

11. No Certificate of Appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 28, 2019

s/ Michael J. Davis
Michael J. Davis
United States District Court