## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Emem Ufot Udoh, | Case No. 19-cv-1311 (MJD/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Nate Knutson, MCF-Moose Lake Prison, | |
| Respondent. | |

---

Petitioner Emem Ufot Udoh filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Udoh's habeas petition was dismissed and judgment was entered on August 30, 2019. This case is now before the Court on Udoh's Emergency Motion for Release [ECF No. 106] and Motion for Miscellaneous Relief [ECF No. 109], both of which seek release due to the impact of the COVID-19 pandemic. For the reasons set forth below, the Court recommends that the motions be denied.

## I. Background

Udoh was convicted in state court on one count of criminal sexual conduct and sentenced to a 144-month term of imprisonment. *See State v. Udoh*, No. A14-2181, 2016 WL 687328 (Minn. Ct. App. Feb. 22, 2016). He is potentially subject to removal from the United States as a result of the conviction. (*See* R. & R. at 1 [ECF No. 5] (citing ECF No. 1-2 at 9–11).)

On May 17, 2019, Udoh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his state court conviction, the legality of his removal

1

proceedings, and the validity of any final removal order. [*See* ECF No. 1.] On May 31, 2019, this Court recommended that Udoh's habeas petition be dismissed without prejudice for three reasons: (1) his challenge to his conviction was an unauthorized successive petition; (2) his challenge to ongoing immigration proceedings was premature; and (3) his challenge to any future order of removal was speculative and without any jurisdictional basis. (R. & R. at 2–3 [ECF No. 5].) The District Court adopted the Report and Recommendation on August 29, 2019. (Order [ECF No. 53]). Since then, Udoh has filed numerous letters and documents seeking further review of his petition, all of which have been dismissed or denied. (*See* Order, Aug. 29, 2019 [ECF No. 53]; Order, Feb. 4, 2020 [ECF No. 67] Order, Apr. 15, 2020 [ECF No. 77]; Order, Sept. 14, 2020 [ECF No. 95]; Order, Oct. 19, 2020 [ECF No. 105].) Udoh has twice appealed to the Eighth Circuit Court of Appeals; his first appeal was dismissed, and the second was dismissed in part and denied in part. (J., Jan. 28, 2020 [ECF No. 64]; J., Oct. 27, 2020 [ECF No. 107]).

The two motions presently before the Court are nearly identical to motions Udoh filed in another case, *Udoh v. Dooley*, No. 16-cv-4174 (PAM/HB) (D. Minn.) [ECF Nos. 87, 97]. In denying Udoh's emergency motion for release pending the outcome of an appeal and because of COVID-19 in his state prison facility, the *Dooley* court noted, "Udoh offers no legal authority allowing a federal court to order the compassionate release of a state prisoner, and the Court has found none. Moreover, there is no pending appeal in this matter." *Udoh v. Dooley*, No. 16-cv-4174 (PAM/HB), 2020 WL 9019273, at *1 (D. Minn. Oct. 29, 2020), *aff'd*, No. 20-3473, 2020 WL 8994334 (8th Cir. Dec. 3, 2020). In denying Udoh's motion for miscellaneous relief, the court emphasized it would

"not order Petitioner's release from state custody because of the pandemic." *Udoh v. Dooley*, No. 16-cv-4174, slip op. at 1 (D. Minn. Dec. 7, 2020) [ECF No. 100]. In no uncertain terms, the court said, "This matter has been closed since 2017. Further motion practice is unwarranted." *Id.* The court warned Udoh that if he continued filing "frivolous motions," he would be placed on the restricted filer list. *Id.* at 2.

Similarly, in this case, the District Court has remarked on Udoh's continual post-judgment filing of documents, letters, and exhibits. (Order at 3, Apr. 15, 2020 [ECF No. 77].) The District Court warned Udoh on September 14, 2020 that "his case his closed and the Court has no authority to take further action"; "he cannot seek any relief in this closed case"; and "[h]e will not be granted continual chances to make challenges within the framework of this old closed case." (Order at 1, Sept. 14, 2020 [ECF No. 95].) Udoh filed the motions at hand one month and three months later.

Udoh's Emergency Motion for Release asks the Court to grant him compassionate or temporary release pending the outcome of his appeal due to the COVID-19 pandemic. (Mot. Release, Oct. 19, 2020 [ECF No. 106].) Udoh's Motion for Miscellaneous Relief asks the Court to grant him relief because of a lack of access to services caused by the COVID-19 pandemic. (Mot. Relief, Dec. 4, 2020 [ECF No. 109].) Udoh claims he has not been able to access the law library to prepare his reply brief in an appeal pending before the Eighth Circuit Court of Appeals, receive copies of filings in that case, or contact his attorney about a pending state court appeal. (*Id.* at 2, 4.)

## II.   Discussion

Udoh's motions must be denied because this case is closed.  "[A] district court's jurisdiction typically ends when a case is closed and judgment entered," though it "retains ancillary jurisdiction to 'manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Jenkins v. Kansas City Mo. Sch. Dist.*, 516 F.3d 1074, 1081 (8th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380 (1994)).  The relief requested by Udoh does not fall into one of the categories for ancillary jurisdiction; thus, the Court does not have jurisdiction to entertain his motions for release or other relief. Udoh has already been warned that "his case his closed and the Court has no authority to take further action" and "he cannot seek any relief in this closed case."  (Order at 1, Sept. 14, 2020.)

Alternatively, Udoh's motions should be denied on the merits.  Udoh is incarcerated at the Minnesota Correctional Facility at Rush City, which is a state prison. Because he is a state prisoner incarcerated pursuant to state law, he is not entitled to temporary release under 18 U.S.C. § 3142(i).  *See Hailey v. Bogota*, No. 20-12583, 2021 WL 509899, at *9 (E.D. Mich. Feb. 11, 2021).  Nor is he eligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  *See Stephenson v. Foy*, No. 20-cv-13105, 2021 WL 243156, at *2 (E.D. Mich. Jan. 25, 2021); *Dooley*, 2020 WL 9019273, at *1. Therefore, his motion for release should be denied.

With respect to the motion for miscellaneous relief, the relief Udoh seeks relates to his pending state court appeal and Eighth Circuit appeal.  Udoh must seek relief in those courts, not here.  This Court is not the appropriate forum for requests related to

4

proceedings in other courts.  *See Dooley,* 2020 WL 9019273, at *1.  Consequently, the

motion for miscellaneous relief should be denied.


Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY RECOMMENDED THAT**:

1.    Petitioner Emem Ufot Udoh's Emergency Motion for Release [ECF No.

106] be **DENIED**; and

2.    Petitioner Emem Ufot Udoh's Motion for Miscellaneous Relief [ECF No.

109] be **DENIED**.


Dated: April 14, 2021                     *s/ Hildy Bowbeer*
                                          Hildy Bowbeer
                                          United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the
District Court and is therefore not appealable directly to the Eighth Circuit Court of
Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written
objections to a magistrate judge's proposed finding and recommendations within 14 days
after being served a copy" of the Report and Recommendation.  A party may respond to
those objections within 14 days after being served a copy of the objections.  *See* Local
Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits
set forth in Local Rule 72.2(c).